UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENA K. PAIGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-171-TLS |
| | ) |
| COLGATE, et al., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss the Plaintiff's Complaint [ECF No. 27], filed on April 27, 2017. On December 19, 2016, the Plaintiff, Jena K. Paige,[1] filed a Complaint in the Allen Superior Court [ECF No. 4] against the Defendant, the United States Patent and Trademark Office (USPTO or Agency), as well as various other Defendants including Colgate, Conair, Walgreens, Walmart, Oral B, the Proctor and Gamble Company, Kroger's, and the American Dental Association. On April 21, 2017, the USPTO removed the case to this Court, pursuant to 28 U.S.C. §1442. [ECF No. 2]. Subsequently, the USPTO moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), asserting that the Court lacks derivative jurisdiction over the case and the Complaint fails to state a claim upon which relief may be granted. On May 3, 2017, the Plaintiff filed its Response to the Defendant USPTO's Motion to Dismiss [ECF No. 35]. On May 9, 2017, the USPTO filed its Reply in Support of its Motion to Dismiss [ECF No. 41]. With this matter

---

[1] The Court notes that the Plaintiff has previously filed cases within the Northern District and is currently pursuing a case as well. *See Paige v. U.S. Commission on Civil Rights*, 1:17-cv-00082 (N.D. Ind. Apr. 4, 2017) (dismissed for failure to state a claim); *Paige v. United States of America*, 1:11-cv-54 (N.D. Ind. Mar. 8, 2011) (dismissed for failure to state a claim); *Paige v. Dep't of Veterans Affairs, et al.,* 1:17-cv-174 (filed Mar. 28, 2017) (pending with Judge Lee).

now being fully briefed, the Defendant USPTO's Motion to Dismiss is granted for the reasons stated below.

**BACKGROUND**

The Plaintiff's claims are difficult to decipher, but they appear to stem from an application for a toothbrush design patent she submitted to the USPTO on January 29, 2013. Upon receipt of the patent application, the USPTO issued a Notice to File Missing Parts of the Nonprovisional Application (Compl. Ex. A, ECF No. 4), requiring the Plaintiff to submit the prescribed filing fee in order to "avoid abandonment" of her application (*Id.* at 19). The Plaintiff alleges that she could not afford to pay the filing fee and contacted the USPTO, among other entities, but "received no response" (Compl. 6–7, ECF No. 4). The Plaintiff subsequently initiated this suit against the Defendants in state court, contesting the constitutionality of the USTPO filing fee and claiming a violation of the Indiana Racketeer Influenced and Corrupt Organizations Act against the remaining Defendants. It is unclear whether the Plaintiff's application was eventually deemed abandoned by the USPTO.

**STANDARD OF REVIEW**

The Court must first consider the threshold jurisdictional issue before reaching the merits of the case. "Jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquired none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Axson v. Reynolds*, 1:16-CV-322, 2017 WL 495694, at *2 (N.D. Ind. Feb.

7, 2017) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)); *see also Abu Humos v. First Merit Bank*, No. 15-CV-6961, 2015 WL 7710374, at *1 (N.D. Ill. Nov. 30, 2015).

"A motion to dismiss pursuant to [Rule] 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

### A.    The Claim Against the USPTO

It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Sovereign immunity extends to both the United States as well as its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Plaintiff has identified no federal waiver of sovereign immunity allowing suit in state court to contest the requirement for a fee by the USPTO, in connection with her patent application.[2]

---

[2] Though litigants are allowed to appeal a final decision by the Patent Trial and Appeal Board to the Eastern District of Virginia or the Federal Circuit, the state court where the Plaintiff initiated this suit does not have this jurisdiction. *See* 35 U.S.C. § 141 and § 145; *see also Paley v. Wolk*, 262 F. Supp. 640, 642

Because the state court had no subject-matter jurisdiction to hear claims against the USPTO, including the issue of filing fees required for a patent application, this Court did not obtain derivative jurisdiction upon removal of the Plaintiff's action. *See Rodas v. Seidlin*, 656 F.3d 610, 615–16 (7th Cir. 2011); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Fedorova v. Wells Fargo & Co.,* No. 16-C-1810, 2016 WL 2937447, at *2 (N.D. Ill. May 20, 2016); *Abu-Humos*, 2015 WL 7710274, at *1–2. *Rodas* recognized a limited exception for the derivative jurisdiction rule for removals under §1442 where a motion to dismiss is made after removal, but only where the case has already been decided on the merits. *Rodas*, 656 F.3d at 619–25. Here, the case has not been decided on the merits, and thus, dismissal is the proper result. *See Abu-Humos*, 2015 WL 7710374, at *n.1 ("[D]ismissal is strongly indicated when the issue is raised before any substantive matters have been addressed."). In other words, because the state court where this action was initiated lacked subject-matter jurisdiction, this federal Court has not acquired jurisdiction upon removal, even if this Court would have had jurisdiction if the case was originally brought in federal court.

In her reply, the Plaintiff appears to argue that dismissal of her case for lack of derivative jurisdiction constitutes a violation of her substantive rights, pursuant to 28 U.S.C. § 1357. However, Congress has not abrogated the derivative jurisdiction doctrine in regard to § 1442 removals, and courts within the Seventh Circuit have recognized this. *Compare* 28 U.S.C. § 1441(f), *with* § 1442; *see also Kelly v. Lugo*, No. 10-CV-5892, 2010 WL 5313496, at *2 (N.D. Ill. Dec. 17, 2010) ("In view of the still-binding decision in *Edwards*—which was issued after the 1986 amendment to § 1441—the Court applies the derivative jurisdiction rule to the instant

---

(N.D. Ill. 1965) ("Such cases must be brought in the District Court for the District of Columbia, 35 U.S.C. § 145, and, in any event, an applicant must present his claims to the Patent Office Board of Appeals prior to resort to the courts.").

action."). The Plaintiff's citation to 28 U.S.C. § 1357 (injuries under Federal laws) does not defeat the doctrine of derivative jurisdiction—the fact remains that the state court did not have jurisdiction over the case—even if the Plaintiff is suing pursuant to § 1357, she could not have brought this claim in state court because the USPTO did not waive immunity. Furthermore, § 1357 refers to the original jurisdiction of district courts. Therefore, because the state court lacked subject-matter jurisdiction over this case, this Court has no jurisdiction upon removal pursuant to § 1442.

Though district courts generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint, because the Plaintiff cannot assert a set of facts that would allow her to continue the suit against the USPTO due to this Court's lack of derivative jurisdiction, as pertaining to the claims against USPTO, the claims will be dismissed with prejudice. Because the USPTO's Motion to Dismiss is granted pursuant to 12(b)(1), the Court does not need to address the USPTO's 12(b)(6) arguments. *See Vorhees v. Brown*, No. 95 CV 3812, 1996 WL 568775, at *3 (N.D. Ill. Sept. 27, 1996) ("Therefore, [the] [D]efendant['s] . . . motion to dismiss will be granted pursuant to 12(b)(1) with prejudice. This found, we find no need to address defendants' 12(b)(6) aspect of their motion at this time.").

B.  The Indiana RICO Claim

The parties' submissions establish that the only claim remaining in this litigation is the Plaintiff's Indiana RICO claim, based on state law. The Court's jurisdiction over this claim is based on supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy

within the meaning of Article III of the Constitution. "When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012); *see also* 28 U.S.C. § 1367(c)(3) (stating that a court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos. Inc*., 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed before trial). Additionally, § 1367(d) grants a plaintiff an additional 30 days (or longer if provided by State law) to re-file dismissed supplemental claims in state court.

Though the 12(b)(6) motions filed by the various Defendants may be well-taken, upon consideration of judicial economy, convenience, fairness, and comity, *see Wright*, 29 F.3d at 1251, this Court does not find a basis to retain jurisdiction of the case, *see Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (identifying three situations in which jurisdiction over supplemental state claims should be retained even though the federal claims have dropped out). This Court has not engaged in any meaningful review of the merits of the remaining claim, or otherwise committed substantial judicial resources to it. The resources spent by the parties can be applied to the litigation in state court, and the state court can make a

determination regarding any motions to dismiss for the failure to state a claim. Accordingly, an Indiana court should decide the Plaintiff's state law claim against the remaining Defendants.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant USPTO's Motion to Dismiss [ECF No. 27], RELINQUISHES JURISDICTION over the remaining state law claims, and DIRECTS the Clerk of Court to REMAND the case to the Allen Superior Court. Consequently, the Plaintiff's Motion for Judgment as a Matter of Law [ECF No. 44] is rendered MOOT.

SO ORDERED on June 27, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT